FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 MAY 16  PM 4: 48

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | |
|---|---|
| BOBBY NORRIS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV406-42 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| et. al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner has filed a petition for a writ of mandamus or, in the alternative, a motion to compel against respondents, the United States of America, the United States Attorney for the Southern District of Georgia, and "Agent" Hilton Markette. Doc. 1. Petitioner originally filed his petition in the Middle District of Georgia, and the case was transferred to this District. Doc. 10. Petitioner has paid the full $250.00 filing fee, and the government has responded. Doc. 17.

Petitioner was indicted on four counts related to possession with intent to distribute narcotics in the Southern District of Alabama on July 28, 2000. United States v. Hightower, et. al., 1:00-CR-00112-CB-M-3, doc.

28 (S.D. Ala. July 28, 2000) (superceding indictment).[1] Petitioner pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than 1.5 kilograms of crack cocaine in violation of 21 U.S.C. § 846. Doc. 17 at 1. On April 16, 2001, petitioner was sentenced to 168 months' imprisonment, five years' supervised release, and a $100.00 special assessment. Doc. 17, Ex. B. This sentence was a substantial downward departure from the applicable sentencing guidelines range of 360 months to life imprisonment. Id. Such a departure was deemed warranted due to petitioner's plea agreement and the government's subsequent motion pursuant to U.S.S.G. § 5K1.1 notifying the court of petitioner's good faith effort to provide substantial assistance in the prosecution of others. Id. In petitioner's plea agreement, the government undertook the following obligation:

> If the defendant provides substantial assistance in the investigation or prosecution of others, as determined solely by the United States Attorney's Office, the United States Attorney's Office agrees to file a motion at the time of sentencing or after sentencing informing the court that the defendant has made a good faith effort to provide substantial assistance in the prosecution of other persons so

---

[1] Petitioner was charged with conspiracy to possess with intent to distribute cocaine and crack cocaine (count 1), possession with intent to distribute crack cocaine (counts 2 and 3), possession with intent to distribute cocaine (count 4) and criminal forfeitures.

2

> that the Court may, in its discretion, depart from the guidelines as contemplated by § 5K1.1 of the Federal Sentencing Guideline Manual and/or pursuant to Rule 35, Federal Rules of Criminal Procedure.

Doc. 17, Ex. A at 3.

Petitioner contends that he recently provided such substantial assistance to authorities in the Southern District of Georgia. On August 28, 2003, Deputy United States Marshal Hilton Markette interviewed petitioner at the Federal Correctional Institution at Marianna, Florida. Doc. 18 at 1. Markette believed that petitioner could assist with the location and capture of a fugitive, Dedric Wright, who was a defendant in a conspiracy case in the Southern District of Georgia, United States v. Wright, CR597-4 (S.D. Ga. April 3, 1997). Id. After speaking with petitioner and his brother, Anthony Norris, Markette located Wright.[2] Id. at 2. Authorities arrested Wright on May 18, 2004 in the Middle District of Georgia.[3] Id.

---

[2] Anthony Norris had met an unknown man at a strip club in Orlando in March 2004. This man told Anthony Norris that he was using his business name to pay for a cellular telephone for another man located in the Atlanta area. From a description, Anthony Norris believed this Atlanta man to be Dedric Wright. Anthony Norris acquired this telephone number and eventually gave the number to Markette. This number led to other leads in the Atlanta area that ultimately resulted in Wright's arrest. Doc. 18 at 2-3.

[3] Petitioner originally filed this action in the Middle District of Georgia. The United States District Court for the Middle District of Georgia found the proper parties

Deputy Markette then wrote a letter to the appropriate Assistant United States Attorney for the Southern District of Alabama detailing petitioner's assistance with the capture of Wright, as Markette had promised he would do if the information led to Wright's arrest. Id. at 3. Apparently the United States Attorney's Office for the Southern District of Alabama has not filed any further sentence reduction motion in petitioner's criminal case as a result of his assistance with the capture of Wright.[4] Petitioner attributes the lack of such a motion to the failure of officials in Georgia to notify the United States Attorney's Office in the Southern District of Alabama of his "substantial assistance." Petitioner requests the Court to direct or compel the government "to certify [the] substantial assistance provided by Plaintiff to the prosecuting authority in the Southern District of Alabama." Doc. 1 at 4.

The relief petitioner seeks has already been provided. Deputy Markette, in his sworn affidavit, indicates that he previously notified the

---

to be located in the Southern District of Georgia and transferred the case to this Court. Doc. 10.

[4]This suggests that authorities in the Southern District of Alabama did not consider petitioner to have rendered "substantial assistance" meriting a Rule 35(b) sentence reduction motion.

4

Assistant United States Attorney for the Southern District of Alabama of petitioner's assistance in the capture of Wright. This notification is all that was required of Deputy Markette, who promised (and is empowered) to do no more, and is the only relief petitioner seeks.

Petitioner, in his reply, asserts that Markette should have indicated in his communication detailing petitioner's assistance whether that assistance was "substantial." Doc. 20. Petitioner, however, ignores the plain language of his plea agreement, which provides that the determination whether petitioner has furnished "substantial assistance in the investigation or prosecution of others" is to be made *"solely* by the United States Attorney's Office." Doc. 17, Ex. A at 3 (emphasis added). This passage refers to the United States Attorney's Office for the Southern District of Alabama, which has the sole responsibility and authority to determine whether petitioner's assistance in capturing Wright was "substantial."

Petitioner notes in his reply that "if the correspondence provided to the Southern District of Alabama included an assessment as to whether the cooperation was deemed substantial, then there is nothing further required

from this court." Doc. 20 at 2. Petitioner is correct that the relief he sought with his mandamus petition has been granted. Therefore, his petition should be **DISMISSED** as moot.

The Clerk's Office is **DIRECTED** to send a copy of this Report and Recommendation to the United States Attorney's Office for the Southern District of Alabama.

**SO REPORTED AND RECOMMENDED** this 16TR day of May, 2006.

                                             UNITED STATES MAGISTRATE JUDGE
                                             SOUTHERN DISTRICT OF GEORGIA